1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CUTTING EDGE VISION, LLC,

                    Plaintiff,

          v.

HTC CORPORATION and HTC
AMERICA, INC.,

                    Defendant.

CASE NO. 2:20-cv-01618-MLP

**STIPULATED
PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.     CATEGORIES OF CONFIDENTIAL MATERIAL

"Confidential" material includes the following categories of information.

2.1  <u>"HIGHLY CONFIDENTIAL" MATERIAL</u>

"Highly Confidential" material shall include the following documents and tangible things produced or otherwise exchanged that comprise or include, in whole or in part, confidential or proprietary information or trade secrets including, but not limited to: (a) proprietary technical information and specifications, (b) trade secrets, (c) confidential know how, (d) confidential or proprietary business and financial information (including, but not limited to, prices, customers, and terms and conditions under which a party does business to the extent such information is not already publicly available), (e) source code; (f) product design files; (g) engineering specifications; (h) customer information of any party or third party whom a party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material; and (i) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, partnership, corporation or other organization from which the information is obtained.

2.2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential – Attorneys' Eyes Only" material shall include extremely sensitive "Highly Confidential" information or items, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3  "HIGHLY CONFIDENTIAL – SOURCE CODE" MATERIAL

"Highly Confidential – Source Code" material shall include extremely sensitive "Highly Confidential" information or items representing computer code, physical design files and associated comments and revision histories, formulas, engineering specification, recipes, run sheets, or schematics that define or otherwise describe in detail the algorithms or structure of

software or hardware design, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain other than as a result of a disclosure by the receiving party in violation of this Order, including through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation or settlement

discussions, but not if the confidential material is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or "HIGHLY CONFIDENTIAL – SOURCE CODE" material and is so designated;

      (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

      (d)    the court, court personnel, and court reporters and their staff;

      (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

      (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

      (h)    four designated in-house counsel of the receiving party to whom disclosure is reasonably necessary for litigation or settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and legal department employees of the receiving party assisting said designated in-house counsel to whom disclosure is reasonably necessary;

    4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party,

in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

        If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the phrase "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.   Alternatively, a party may specify at the deposition or other pretrial proceeding or up to thirty days afterward that the entire transcript shall be treated as "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include protected material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

Transcripts containing protected material shall have an obvious legend on the title page that the transcript contains "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as protected material and the level of protection being asserted by the designating party. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a thirty-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as "HIGHLY CONFIDENTIAL," or as otherwise designated.

(c)  Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the phrase "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the appropriate legend ("HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

SOURCE CODE") to each page of the document.5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     SOURCE CODE

6.1     To the extent production of source code becomes necessary in this case, a producing party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code.

6.2     Protected material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in the paragraphs of section 4.2.

6.3     Any source code produced in discovery shall be made available for inspection, in its native format (*e.g.*, GDS files) so that it can be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel. Computer source code (such as, but not limited to Java and C++ code) will be made available for inspection in its native format. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The parties may further confer on installing additional tools for viewing and searching the code produced. The receiving party's outside counsel and/or experts may request that

software tools for viewing and searching source code be installed on the secured computer, provided, however, that:

(i) the receiving party possesses or obtains an appropriate license to such software tools;

(ii) the producing party approves such software tools, which approval shall not be unreasonably withheld; and

(iii) such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein. Specific tools may include but are not limited to: Notepad++, PowerGrep, DTSearch, and the default packages of the Cygwin program.

The receiving party must provide the producing party with the CD, DVD, download link or equivalent for such licensed software tool(s) at least five days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the source code computer, but the producing party shall use best efforts to accommodate less notice. The receiving party shall not at any time use any compilers, interpreters, or simulators in connection with the supplier's source code. Nor shall any cellular telephones, smartphones, personal digital assistants, Blackberries, cameras, sound recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room. No non-electronic devices capable of similar functionality shall be permitted in the secure room.

The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, use, or transmission of the source code.

6.4 The receiving party shall provide at least seven days' notice to the producing party prior to any inspection of source code. No more than a total of ten individuals identified by the receiving party shall have access to the secure room. Immediately prior to each grant of access to the secure room or the source code, each authorized person shall provide proper

identification for the producing party or the producing party's counsel to verify identity. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or by the nation state of the authorized person's current citizenship. Access to the secure room or the source code may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification.

6.5     The receiving party may request paper copies of limited portions of source code that appear reasonably necessary for the preparation of court filings, in-depth review, infringement or invalidity contentions, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 6.3 in the first instance. The producing party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The amount of source code requested in hard copy format must be reasonable in length. If the producing party objects that the printed portions are excessive and/or not done for a permitted purpose, the producing party shall make such objection known to the receiving party within five days of the request. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in section 7.

6.6     At the request of the receiving party, up to five copies of the original source code printouts on watermarked paper shall be made for outside counsel of record for the receiving party within seven days. The producing party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." It is the responsibility of the producing party to provide delivery of the printed documents. The receiving party and its outside counsel of record shall not make any further copies of the requested printouts unless otherwise agreed to by the parties.

6.7     In addition to other reasonable steps to maintain the security and confidentiality of the producing party's source code, printed copies of the source code maintained by the receiving party must be kept in a locked storage container when not in use. No electronic copies of the source code shall be provided by the producing party beyond the source code on the secured computer.

6.8     The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format (including, by way of example only, the receiving party may not scan the confidential source code to a PDF or photograph the code).

6.9     Images, copies, and excerpts of the source code shall not be included in correspondence between the parties (references to production numbers shall be used instead). A receiving party may include excerpts of source code in a pleading, exhibit, expert report, infringement contention, invalidity contention, discovery document, deposition transcript, other Court document, provided (a) that the specific excerpt is no larger than necessary and (b) that the source code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. To the extent portions of source code material are quoted in a document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted source code material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

6.10    If the receiving party wishes to use printed copies of source code as deposition exhibits, the parties shall meet and confer in advance of such depositions in order to determine a mutually agreeable arrangement under which printed copies of source code may be used as deposition exhibits. Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record

will identify the exhibit by its production numbers. The transcript for any deposition in which the contents of any source code are discussed shall be designated "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER."

6.11    Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the receiving party's outside counsel of record and/or experts shall remove all notes, documents, and all other materials from the secure room. The producing party shall not be responsible for any items left in the room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

6.12    The receiving party shall maintain a source code access log identifying each hard copy of the source code that it has in its possession and, for each and every time the hard copy of the source code is viewed: (i) the name of each person who viewed the source code and (ii) the date and time of access. The producing party shall be entitled to a copy of the log upon two days' advance notice to the receiving party.

6.13    Within thirty days of the date of settlement or issuance of a final, non-appealable decision resolving all issues in this litigation, the receiving party will destroy all paper copies of the producing party's source code. The receiving party shall use reasonable efforts to destroy documents containing information from the source code. Outside counsel of record of any party shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work-product that contain or refer to source code provided that such counsel and employees of such counsel shall not disclose such source code to any person, except pursuant to court order. Within sixty days of the date of settlement or final, non-appealable decision, the receiving party shall serve on the producing party a certification stating that it, including its outside counsel of record and experts, has complied with its obligations under this paragraph and that they will

make no use of the source code or of any knowledge gained from the source code in any future endeavor.

6.14    Nothing herein shall be deemed a waiver of a party's right to object to the production of source code. Absent a subsequent and specific court or agency order, nothing herein shall obligate a party to breach any non-party license agreement relating to such source code, unless ordered to produce such information from a court of competent jurisdiction.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone or video conference.

7.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

        If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "HIGHLY CONFIDENTIAL – SOURCE CODE," that party must:

        (a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

        (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

        (c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy (at the receiving party's election) all confidential material to the producing party, including all copies, extracts and summaries thereof. The receiving party shall not be required to destroy any backed-up copies of its network or of its email files. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: December 16, 2020                          */s/ Daniel Vecchio*
                                                    OGDEN MURPHY WALLACE, PLLC
4                                                   Daniel J. Vecchio, WSBA # 44632
                                                      901 Fifth Avenue, Suite 3500
5                                                         Seattle, WA  98164
                                                         Tel: (206) 447-7000
6                                                      dvecchio@omwlaw.com
                                                       *Attorneys for Plaintiff*
7
     DATED: December 16, 2020                          */s/ Ross Kirkbaumer*
8                                                   Gordon Rees Scully Mansukhani, LLP
                                                     Ross Kirkbaumer WSBA # 56310
9                                                       701 Fifth Avenue #2100
                                                          Seattle, WA 98104
10                                                       Tel: (206) 888-0685
                                                       rkirkbaumer@grsm.com
11                                                    *Attorneys for Defendants*

12

13       PURSUANT TO STIPULATION, IT IS SO ORDERED

14       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

15   documents in this proceeding shall not, for the purposes of this proceeding or any other federal

16   or state proceeding, constitute a waiver by the producing party of any privilege applicable to

17   those documents, including the attorney-client privilege, attorney work-product protection, or

18   any other privilege or protection recognized by law.

19

20   DATED:_____

21

22                                                 _____
                                                   [Name of Judge]
23                                                 United States District Court Judge

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Cutting Edge Vision LLC v. HTC Corp. and HTC America, Inc., Case No. 2:20-cv-

01618. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# APPENDIX A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CUTTING EDGE VISION, LLC,

                Plaintiff,

    v.

HTC CORPORATION and HTC
AMERICA, INC.,

                Defendant.

CASE NO. 2:20-cv-01618-MLP

**STIPULATED
PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    CATEGORIES OF CONFIDENTIAL MATERIAL

"Confidential" material includes the following categories of information.

Formatted: Indent: First line:  0.5"

2.1  "HIGHLY CONFIDENTIAL" MATERIAL

"Highly Confidential" material shall include the following documents and tangible things produced or otherwise exchanged that comprise or include, in whole or in part, confidential or proprietary information or trade secrets including, but not limited to: (a) proprietary technical information and specifications, (b) trade secrets, (c) confidential know how, (d) confidential or proprietary business and financial information (including, but not limited to, prices, customers, and terms and conditions under which a party does business to the extent such information is not already publicly available), (e) source code; (f) product design files; (g) engineering specifications; (h) customer information of any party or third party whom a party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material; and (ie) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, partnership, corporation or other organization from which the information is obtained. the following documents and tangible things produced or otherwise exchanged: [The parties must include a list of specific documents such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive business material"].

Formatted: Indent: First line:  0.5"

2.2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential – Attorneys' Eyes Only" material shall include extremely sensitive "Highly Confidential" information or items, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3  "HIGHLY CONFIDENTIAL – SOURCE CODE" MATERIAL

Formatted: Indent: First line:  0"

"Highly Confidential – Source Code" material shall include extremely sensitive "Highly Confidential" information or items representing computer code, physical design files and

associated comments and revision histories, formulas, engineering specification, recipes, run sheets, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware design, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.      SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain other than as a result of a disclosure by the receiving party in violation of this Order, including through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1      Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2      Disclosure of "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)      the receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation or settlement discussions, unless but not if the confidential material is the parties agree that a particular document or material produced is for Attorney's Eyes Only"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or "HIGHLY CONFIDENTIAL – SOURCE CODE" material and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)     four designated in-house counsel of the receiving party to whom disclosure is reasonably necessary for litigation or settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and legal department

1  employees of the receiving party assisting said designated in-house counsel to whom disclosure

2  is reasonably necessary;

3       4.3    Filing Confidential Material. Before filing confidential material or discussing or

4  referencing such material in court filings, the filing party shall confer with the designating party,

5  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

6  remove the confidential designation, whether the document can be redacted, or whether a motion

7  to seal or stipulation and proposed order is warranted. During the meet and confer process, the

8  designating party must identify the basis for sealing the specific confidential information at issue,

9  and the filing party shall include this basis in its motion to seal, along with any objection to

10 sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be

11 followed and the standards that will be applied when a party seeks permission from the court to

12 file material under seal.  A party who seeks to maintain the confidentiality of its information

13 must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the

14 motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied,

15 in accordance with the strong presumption of public access to the Court's files.

16 5.    DESIGNATING PROTECTED MATERIAL

17      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

18 or non-party that designates information or items for protection under this agreement must take

19 care to limit any such designation to specific material that qualifies under the appropriate

20 standards. The designating party must designate for protection only those parts of material,

21 documents, items, or oral or written communications that qualify, so that other portions of the

22 material, documents, items, or communications for which protection is not warranted are not

23 swept unjustifiably within the ambit of this agreement.

24      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

25 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

26

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the ~~word~~ phrase "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within ~~fifteen~~ thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  Alternatively, a party may specify at the deposition or other pretrial proceeding or up to thirty days afterward that the entire transcript shall be treated as "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If a party

or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include protected material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

Transcripts containing protected material shall have an obvious legend on the title page that the transcript contains "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as protected material and the level of protection being asserted by the designating party. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a thirty-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as "HIGHLY CONFIDENTIAL," or as otherwise designated.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word phrase "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the appropriate legend ("HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page of the document.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     SOURCE CODE

6.1     To the extent production of source code becomes necessary in this case, a producing party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code.

6.2     Protected material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in the paragraphs of section 4.2.

6.3     Any source code produced in discovery shall be made available for inspection, in its native format (e.g., GDS files) so that it can be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel. Computer source code (such as, but not limited to Java and C++ code) will be made available for inspection in its native format. The source code shall be made available for

inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The parties may further confer on installing additional tools for viewing and searching the code produced. The receiving party's outside counsel and/or experts may request that software tools for viewing and searching source code be installed on the secured computer, provided, however, that:

        (i) the receiving party possesses or obtains an appropriate license to such software tools;

        (ii) the producing party approves such software tools, which approval shall not be unreasonably withheld; and

        (iii) such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein.  Specific tools may include but are not limited to: Notepad++, PowerGrep, DTSearch, and the default packages of the Cygwin program.

        The receiving party must provide the producing party with the CD, DVD, download link or equivalent for such licensed software tool(s) at least five days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the source code computer, but the producing party shall use best efforts to accommodate less notice.  The receiving party shall not at any time use any compilers, interpreters, or simulators in connection with the supplier's source code.  Nor shall any cellular telephones, smartphones, personal digital assistants, Blackberries, cameras, sound recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room. No non-electronic devices capable of similar functionality shall be permitted in the secure room.

The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, use, or transmission of the source code.

6.4     The receiving party shall provide at least seven days' notice to the producing party prior to any inspection of source code. No more than a total of ten individuals identified by the receiving party shall have access to the secure room. Immediately prior to each grant of access to the secure room or the source code, each authorized person shall provide proper identification for the producing party or the producing party's counsel to verify identity. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or by the nation state of the authorized person's current citizenship. Access to the secure room or the source code may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification.

6.5     The receiving party may request paper copies of limited portions of source code that appear reasonably necessary for the preparation of court filings, in-depth review, infringement or invalidity contentions, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 6.3 in the first instance. The producing party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The amount of source code requested in hard copy format must be reasonable in length. If the producing party objects that the printed portions are excessive and/or not done for a permitted purpose, the producing party shall make such objection known to the receiving party within five days of the request. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in section 7.

6.6     At the request of the receiving party, up to five copies of the original source code printouts on watermarked paper shall be made for outside counsel of record for the receiving party within seven days. The producing party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." It is the responsibility of the producing party to provide delivery of the printed documents. The receiving party and its outside counsel of record shall not make any further copies of the requested printouts unless otherwise agreed to by the parties.

6.7     In addition to other reasonable steps to maintain the security and confidentiality of the producing party's source code, printed copies of the source code maintained by the receiving party must be kept in a locked storage container when not in use. No electronic copies of the source code shall be provided by the producing party beyond the source code on the secured computer.

6.8     The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format (including, by way of example only, the receiving party may not scan the confidential source code to a PDF or photograph the code).

6.9     Images, copies, and excerpts of the source code shall not be included in correspondence between the parties (references to production numbers shall be used instead). A receiving party may include excerpts of source code in a pleading, exhibit, expert report, infringement contention, invalidity contention, discovery document, deposition transcript, other Court document, provided (a) that the specific excerpt is no larger than necessary and (b) that the source code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. To the extent portions of source code material are quoted in a document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted source

code material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

6.10   If the receiving party wishes to use printed copies of source code as deposition exhibits, the parties shall meet and confer in advance of such depositions in order to determine a mutually agreeable arrangement under which printed copies of source code may be used as deposition exhibits. Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The transcript for any deposition in which the contents of any source code are discussed shall be designated "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER."

6.11   Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the receiving party's outside counsel of record and/or experts shall remove all notes, documents, and all other materials from the secure room. The producing party shall not be responsible for any items left in the room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

6.12   The receiving party shall maintain a source code access log identifying each hard copy of the source code that it has in its possession and, for each and every time the hard copy of the source code is viewed: (i) the name of each person who viewed the source code and (ii) the date and time of access. The producing party shall be entitled to a copy of the log upon two days' advance notice to the receiving party.

6.13   Within thirty days of the date of settlement or issuance of a final, non-appealable decision resolving all issues in this litigation, the receiving party will destroy all paper copies of the producing party's source code. The receiving party shall use reasonable efforts to destroy documents containing information from the source code. Outside counsel of record of any party

shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work-product that contain or refer to source code provided that such counsel and employees of such counsel shall not disclose such source code to any person, except pursuant to court order. Within sixty days of the date of settlement or final, non-appealable decision, the receiving party shall serve on the producing party a certification stating that it, including its outside counsel of record and experts, has complied with its obligations under this paragraph and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

6.14   Nothing herein shall be deemed a waiver of a party's right to object to the production of source code. Absent a subsequent and specific court or agency order, nothing herein shall obligate a party to breach any non-party license agreement relating to such source code, unless ordered to produce such information from a court of competent jurisdiction.

67.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

76.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

67.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The

certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone or video conference.

67.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

87.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "HIGHLY CONFIDENTIAL – SOURCE CODE," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

98.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

910.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

110.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy (at the receiving party's election) all confidential material to the producing party, including all copies, extracts and summaries thereof. The receiving party shall not be required to destroy any backed-up copies of its network or of its email files. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: December 16, 2020                             */s/ Daniel Vecchio*

4                                  OGDEN MURPHY WALLACE, PLLC
                                    Daniel J. Vecchio, WSBA # 44632

5                                    901 Fifth Avenue, Suite 3500
                                    Seattle, WA  98164

6                                    Tel: (206) 447-7000
                                    dvecchio@omwlaw.com

7                                    *Attorneys for Plaintiff*

8  DATED: December 16, 2020                             */s/ Ross Kirkbaumer*
                                    Gordon Rees Scully Mansukhani, LLP

9                                  Ross Kirkbaumer WSBA # 56310

10                                 701 Fifth Avenue #2100
                                 Seattle, WA 98104

11                                 Tel: (206) 888-0685
                                 rkirkbaumer@grsm.com

12                                 *Attorneys for Defendants*

13

14        PURSUANT TO STIPULATION, IT IS SO ORDERED

15        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

16 documents in this proceeding shall not, for the purposes of this proceeding or any other federal

17 or state proceeding, constitute a waiver by the producing party of any privilege applicable to

18 those documents, including the attorney-client privilege, attorney work-product protection, or

19 any other privilege or protection recognized by law.

20

21 DATED:

22

23                                    [Name of Judge]
                                    United States District Court Judge

24

25

26

Field Code Changed

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in the

7    case of Cutting Edge Vision LLC v. HTC Corp. and HTC America, Inc., Case No. 2:20-cv-

8    01618 ~~[insert formal name of the case and the number and initials~~

9    ~~assigned to it by the court]~~. I agree to comply with and to be bound by all the terms of this

10   Stipulated Protective Order and I understand and acknowledge that failure to so comply could

11   expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

12   not disclose in any manner any information or item that is subject to this Stipulated Protective

13   Order to any person or entity except in strict compliance with the provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court for the

15   Western District of Washington for the purpose of enforcing the terms of this Stipulated

16   Protective Order, even if such enforcement proceedings occur after termination of this action.

17   Date: _____

18   City and State where sworn and signed: _____

19   Printed name: _____

20   Signature: _____

21

22

23

24

25

26