UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUTTING EDGE VISION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION and<br>HTC AMERICA, INC.,<br><br>Defendant. | CASE NO. 2:20-cv-01618-RAJ-MLP<br><br>**CUTTING EDGE VISION, LLC'S ANSWER TO HTC CORPORATION AND HTC AMERICA, INC.'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>District Judge: Richard A. Jones<br>Magistrate Judge: Michelle L. Peterson<br>Complaint filed: 11/03/2020 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cutting Edge Vision, LLC ("CEV") answers the Counterclaims filed on February 8, 2021 by Defendants HTC Corporation and HTC America, Inc. (collectively "HTC") as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Counterclaims. Headings used by HTC in its Counterclaims are restated for ease of reference, but no admission is made thereby.

**ANSWER**

To the extent not expressly admitted below, CEV denies each and every allegation in the Counterclaims, including but not limited to allegations that HTC is entitled to any relief

ANSWER TO HTC'S COUNTERCLAIMS - 1

or monetary recovery in any amount.

## DEFENSES

Although no reply is required to HTC's affirmative defenses, CEV expressly denies each affirmative defense set forth in HTC's Answer and Counterclaims.

## COUNTERCLAIMS

## THE PARTIES

1. HTC America, Inc. is a Washington Corporation with a place of business at 308 Occidental Ave S #300, Seattle, WA 98104.

**ANSWER:** Admitted.

2. HTC Corporation is a Taiwanese corporation with a place of business at No. 88, Section 3, Zhongxing Road, Xindian District, New Taipei City 231, Taiwan.

**ANSWER:** Admitted.

3. According to its Complaint, Cutting Edge Vision, LLC ("CEV") is an Arizona Limited Liability Company based in Scottsdale, Arizona.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

4. Subject to HTC's defenses and denials, HTC alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and venue for these Counterclaims is proper in this District to the extent venue is proper in this case.

**ANSWER:** Admitted.

5. This Court has personal jurisdiction over CEV for at least the reason that CEV has subjected itself to the jurisdiction of this Court by initiating this action.

**ANSWER:** Admitted.

## FACTUAL BACKGOUND

6. In its Complaint, CEV purports to hold all substantial rights, title and interest

in U.S. Patent Nos. 7,697,827 ("the '827 Patent"); 9,936,116 ("the '116 Patent"); 10,257,401 ("the '401 Patent"); and 10,063,761 ("the '063 Patent") (collectively "the CEV Patents").

**ANSWER:** Admitted.

7. In its Complaint, CEV asserts that HTC has infringed the CEV Patents.

**ANSWER:** Admitted.

8. HTC does not and has not infringed any valid, enforceable claim of any of the CEV Patents.

**ANSWER:** Denied.

9. The asserted claims of the CEV Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

**ANSWER:** Denied.

10. CEV has asserted in pre-suit communications with HTC that the CEV Patents are not invalid.

**ANSWER:** Admitted.

11. HTC has provided CEV with detailed invalidity claim charts.

**ANSWER:** CEV admits only that HTC has provided CEV with charts purportedly comparing references to certain claims of the CEV Patents. CEV otherwise denies the allegations if Paragraph 11.

12. HTC's invalidity claim charts demonstrate the invalidity of CEV Patents.

**ANSWER:** Denied.

13. Invalidity information provided to CEV by HTC includes reference to Japanese patent JP 2000214525 to Yoji Watanabe, published Aug. 4, 2000.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC provided "invalidity information." Plaintiff admits that HTC referenced JP 2000214525, and,

according to the online records of the Japanese Patent Office, Japanese patent JP 2000214525 to Yoji Watanabe published Aug. 4, 2000.  Plaintiff denies any remaining allegations of this paragraph.

14. Japanese patent JP 2000214525 to Yoji Watanabe, published Aug. 4, 2000 is prior art to the claimed invention in United States Patent No. 7,697,827.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that, according to the online records of the Japanese Patent Office, Japanese patent JP 2000214525 to Yoji Watanabe published Aug. 4, 2000.  Plaintiff denies any remaining allegations of this paragraph.

15. Invalidity information provided to CEV by HTC includes reference to Taiwanese patent TW 200520512 to Ren Hao Liu, published Jun. 16, 2005.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC provided "invalidity information."  Plaintiff admits that HTC referenced TW 200520512, and, according to the online records of Google patents, Taiwanese patent TW 200520512 to Ren Hao Liu published Jun. 16, 2005.  Plaintiff denies any remaining allegations of this paragraph.

16. Taiwanese patent TW 200520512 to Ren Hao Liu, published Jun. 16, 2005 is prior art to the claimed invention in United States Patent No. 7,697,827.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that, according to the online records of Google patents, Taiwanese patent TW 200520512 to Ren Hao Liu published Jun. 16, 2005. Plaintiff denies any remaining allegations of this paragraph.

17. Invalidity information provided to CEV by HTC includes reference to United States Patent Application No. US 20050168579 to Imamura.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required.

To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC provided "invalidity information." Plaintiff admits that HTC referenced US 20050168579, and, according to the online records of the United States Patent Office, Publication No. US 20050168579 to Imamura published August 4, 2005. Plaintiff denies any remaining allegations of this paragraph.

18. United States Patent Application No. US 20050168579 to Imamura is prior art to the claimed invention in United States Patent No. 7,697,827.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that, according to the online records of the United States Patent Office, Publication No. US 20050168579 to Imamura published August 4, 2005. Plaintiff denies any remaining allegations of this paragraph.

19. Invalidity information provided to CEV by HTC includes reference to United States Patent Application No. US 20060114338 to Rothschild.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC provided "invalidity information." Plaintiff admits that HTC referenced US 20060114338, and, according to the online records of the United States Patent Office, Publication No. US 20060114338 to Rothschild published June 1, 2006. Plaintiff denies any remaining allegations of this paragraph.

20. United States Patent Application No. US 20060114338 to Rothschild is prior art to the claimed invention in United States Patent No. 7,697,827.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that, according to the online records of the United States Patent Office, Publication No. US 20060114338 to Rothschild published June 1, 2006. Plaintiff denies any remaining allegations of this paragraph.

21. Invalidity information provided to CEV by HTC includes reference to United

States Patent No. 7,468,744.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC provided "invalidity information." Plaintiff admits that HTC referenced United States Patent No. 7,468,744, and, according to the online records of the United States Patent Office, United States Patent No. 7,468,744 to Edwards et al. issued December 23, 2008. Plaintiff denies any remaining allegations of this paragraph.

22. United States Patent No 7,468,744 is prior art to the claimed invention in United States Patent No. 7,697,827.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that, according to the online records of the United States Patent Office, United States Patent No. 7,468,744 to Edwards et al. issued December 23, 2008. Plaintiff denies any remaining allegations of this paragraph.

23. Invalidity information provided to CEV by HTC includes reference to United States Patent No. 6,636,259.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC provided "invalidity information." Plaintiff admits that HTC referenced United States Patent No. 6,636,259, and, according to the online records of the United States Patent Office, United States Patent No. 6,636,259 to Anderson et al. issued October 21, 2003. Plaintiff denies any remaining allegations of this paragraph.

24. United States Patent No 6,636,259 is prior art to the claimed invention in United States Patent No. 7,697,827.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that, according to the online records of the United States Patent Office, United States Patent No. 6,636,259 to Anderson et al. issued

1  October 21, 2003.  Plaintiff denies any remaining allegations of this paragraph.

2      25.    Invalidity information provided to CEV by HTC includes reference to United
3  States Patent No. 6,715,003.

4      **ANSWER:** This paragraph contains legal conclusions to which no answer is required.
5  To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC
6  provided "invalidity information."  Plaintiff admits that HTC referenced United States Patent
7  No. 6,715,003, and, according to the online records of the United States Patent Office, United
8  States Patent No. 6,715,003 to Safai issued March 30, 2004.  Plaintiff denies any remaining
9  allegations of this paragraph.

10      26.    United States Patent No. 6,715,003 is prior art to the claimed invention in
11  United States Patent No. 7,697,827.

12      **ANSWER:** This paragraph contains legal conclusions to which no answer is required.
13  To the extent an answer is required, Plaintiff admits that, according to the online records of
14  the United States Patent Office, United States Patent No. 6,715,003 to Safai issued March 30,
15  2004.  Plaintiff denies any remaining allegations of this paragraph.

16      27.    Invalidity information provided to CEV by HTC includes reference to South
17  Korean patent KR20040065987A, published on July 23, 2004.

18      **ANSWER:** This paragraph contains legal conclusions to which no answer is required.
19  To the extent an answer is required, Plaintiff denies any suggestion or implication that HTC
20  provided "invalidity information."  Plaintiff admits that HTC referenced KR20040065987A,
21  and, according to the online records of Google patents, South Korean patent
22  KR20040065987A to Matsufune published on July 23, 2004.  Plaintiff denies any remaining
23  allegations of this paragraph.

24      28.    South Korean patent KR20040065987A, published on July 23, 2004 is prior
25  art to the claimed invention in United States Patent No. 7,697,827.

26      **ANSWER:** This paragraph contains legal conclusions to which no answer is required.

ANSWER TO HTC'S COUNTERCLAIMS - 7

To the extent an answer is required, Plaintiff admits that, according to Google patents, South Korean patent KR20040065987A to Matsufune published on July 23, 2004. Plaintiff denies any remaining allegations of this paragraph.

29. CEV does not sell and has not sold a product or products covered by any CEV Patent.

**ANSWER:** Admitted.

30. CEV does not presently and has not ever offered for sale a mobile application or applications for iOS.

**ANSWER:** Admitted.

31. CEV does not presently and has not ever offered for sale a mobile application or applications for Android.

**ANSWER:** Admitted.

32. CEV does not presently and has not ever offered for download a mobile application or applications for iOS.

**ANSWER:** Admitted.

33. CEV does not presently and has not ever offered for download a mobile application or applications for Android.

**ANSWER:** Admitted.

34. CEV does not require that its licensees mark covered products with the CEV Patent numbers pursuant to 35 U.S. Code § 287(a).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required.

35. CEV places no requirements on its licensees that they mark covered products with the CEV Patent numbers pursuant to 35 U.S. Code § 287(a).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required.

36. CEV's licensees do not mark covered products with the CEV Patent numbers pursuant to 35 U.S. Code § 287(a).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. Also, CEV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, to the extent an answer is required, CEV denies the allegations of Paragraph 36.

37. CEV has never received unsolicited interest from any party interested in a license to the CEV Patents.

**ANSWER:** Denied.

38. CEV has licensed the CEV Patents only through the threat of litigation.

**ANSWER:** Denied.

39. CEV's efforts to license the CEV Patents are funded at least in part by one or more third parties.

**ANSWER:** Denied.

40. CEV did not contact HTC between May 2016 and April 2019.

**ANSWER:** Denied.

41. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the CEV Patents.

**ANSWER:** CEV admits that there is an actual case or controversy between the parties because HTC denies CEV's allegations of infringement and asserts invalidity. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 41 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

## COUNT ONE

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,697,827**

42. HTC restates and incorporates by reference its allegations in paragraphs 1 through 41 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth here.

43. An actual case or controversy exists between HTC and CEV as to whether the '827 Patent is not infringed by HTC.

**ANSWER:** Admitted.

44. A judicial declaration is necessary and appropriate so that HTC may ascertain its rights regarding the '827 patent.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain its rights regarding the '827 patent. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 44 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

45. 13. [sic] HTC has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '827 patent.

**ANSWER:** Denied.

46. This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,697,827

47. HTC restates and incorporates by reference its allegations in paragraphs 1 through 46 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth here.

48. An actual case or controversy exists between HTC and CEV as to whether the '827 Patent is invalid.

**ANSWER:** Admitted.

49.     A judicial declaration is necessary and appropriate so that HTC may ascertain whether the '827 Patent is invalid.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain whether the '827 patent is valid. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 49 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

50.     The '827 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

**ANSWER:** Denied.

51.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

## COUNT THREE

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,936,116**

52.     HTC restates and incorporates by reference its allegations in paragraphs 1 through 51 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth here.

53.     An actual case or controversy exists between HTC and CEV as to whether the '116 Patent is not infringed by HTC.

**ANSWER:** Admitted.

54.     A judicial declaration is necessary and appropriate so that HTC may ascertain its rights regarding the '116 patent.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain its rights regarding the '116 patent. Except as expressly admitted, CEV denies the

remaining allegations of Paragraph 54 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

55. HTC has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '116 patent.

**ANSWER:** Denied.

56. This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

## COUNT FOUR

**Declaratory Judgment of Invalidity of U.S. Patent No. 9,936,116**

57. HTC restates and incorporates by reference its allegations in paragraphs 1 through 56 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth here.

58. An actual case or controversy exists between HTC and CEV as to whether the '116 Patent is invalid.

**ANSWER:** Admitted.

59. A judicial declaration is necessary and appropriate so that HTC may ascertain whether the '116 Patent is invalid.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain whether the '116 patent is valid. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 59 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

60. The '116 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

**ANSWER:** Denied.

61. This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

## COUNT FIVE

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,257,401**

62. HTC restates and incorporates by reference its allegations in paragraphs 1 through 61 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth here.

63. An actual case or controversy exists between HTC and CEV as to whether the '401 Patent is not infringed by HTC.

**ANSWER:** Admitted.

64. A judicial declaration is necessary and appropriate so that HTC may ascertain its rights regarding the '401 patent.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain its rights regarding the '401 patent. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 64 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

65. HTC has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '401 patent.

**ANSWER:** Denied.

66. This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

## COUNT SIX

**Declaratory Judgment of Invalidity of U.S. Patent No. 10,257,401**

67. HTC restates and incorporates by reference its allegations in paragraphs 1 through 66 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth here.

68. An actual case or controversy exists between HTC and CEV as to whether the '401 Patent is invalid.

**ANSWER:** Admitted.

69. A judicial declaration is necessary and appropriate so that HTC may ascertain whether the '401 Patent is invalid.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain whether the '401 patent is valid. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 69 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

70. The '401 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

**ANSWER:** Denied.

71. This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

**COUNT SEVEN**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,063,761**

72. HTC restates and incorporates by reference its allegations in paragraphs 1 through 71 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing

paragraphs as though fully set forth here.

73. An actual case or controversy exists between HTC and CEV as to whether the '761 Patent is not infringed by HTC.

**ANSWER:** Admitted.

74. A judicial declaration is necessary and appropriate so that HTC may ascertain its rights regarding the '761 patent.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain its rights regarding the '761 patent. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 74 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

75. HTC has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '761 patent.

**ANSWER:** Denied.

76. This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

## COUNT EIGHT

**Declaratory Judgment of Invalidity of U.S. Patent No. 10,063,761**

77. HTC restates and incorporates by reference its allegations in paragraphs 1 through 76 of its Counterclaims.

**ANSWER:** CEV incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth here.

78. An actual case or controversy exists between HTC and CEV as to whether the '761 Patent is invalid.

**ANSWER:** Admitted.

79. A judicial declaration is necessary and appropriate so that HTC may ascertain

whether the '761 Patent is invalid.

**ANSWER:** Admitted only that HTC seeks a judicial declaration so that it may ascertain whether the '761 patent is valid. Except as expressly admitted, CEV denies the remaining allegations of Paragraph 79 and specifically denies that HTC is entitled to any relief, as prayed for or otherwise.

80.   The '761 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

**ANSWER:** Denied.

81.   This is an exceptional case under 35 U.S.C. § 285 including without limitation because CEV filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

CEV denies that HTC is entitled to any relief, as prayed for or otherwise; CEV denies all allegations of non-infringement, invalidity, and unenforceability; and CEV denies HTC's assertions that this case is exceptional under 35 U.S.C. § 285.

RESPECTFULLY SUBMITTED, this 1st day of March, 2021.

SPERLING & SLATER, PC

By: */s/Eamon Kelly*
Eamon Kelly, admitted *Pro Hac Vice*
55 West Monroe Street, 32nd Floor
Chicago, IL 60603
Tel.: (312) 641-3200
Fax: (312) 641-6492
ekelly@sperling-law.com

ANSWER TO HTC'S COUNTERCLAIMS - 16

OGDEN MURPHY WALLACE, PLLC
901 5TH AVE, SUITE 3500
SEATTLE, WA 98164

1
2
*Attorneys for Plaintiff*

3 THE LAW OFFICES OF LISA & LESKO, LLC

4 By: */s/Justin J. Lesko*
    Justin J. Lesko, admitted *Pro Hac Vice*
5     Steven G. Lisa, admitted *Pro Hac Vice*
    55 East Monroe Street, Suite 3800
6     Chicago, IL 60603
7     Tel.: (480) 442-0297
    JustinLesko@patentit.com
8     SteveLisa@patentit.com
    *Attorneys for Plaintiff*
9

10 OGDEN MURPHY WALLACE, PLLC

11
By:_____
12     Daniel J. Vecchio, WSBA # 44632
    901 Fifth Avenue, Suite 3500
13     Seattle, WA 98164
14     Tel: (206) 447-7000
    dvecchio@omwlaw.com
15     *Attorneys for Plaintiff*

16
17
18
19
20
21
22
23
24
25
26

ANSWER TO HTC'S COUNTERCLAIMS - 17