UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUTTING EDGE VISION, LLC,<br><br>                          Plaintiff,<br><br>        v.<br><br>HTC CORPORATION and HTC<br>AMERICA, INC.,<br><br>                          Defendants. | CASE NO. 2:20-cv-01618-MLP<br><br>**AGREEMENT REGARDING<br>DISCOVERY OF ELECTRONICALLY<br>STORED INFORMATION AND ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.  General Principles**

An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) must be applied in each case when formulating a discovery plan. To further the application of the proportionality

standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.  ESI Disclosures**

The parties agree to promptly meet and confer to disclose Custodians, Non-custodial data sources, Third Party Data Sources, and Inaccessible Data as defined by the MODEL PROTOCOL.

**C.  Preservation**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to the preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.  Deleted, slack, fragmented, or other data only accessible by forensics.

    b.  Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.  On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d.  Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e.  Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f.  Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (e.g. email, calendars, contact data, notes, and text messages) stored on mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all email data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

4. Only ESI created or received during the period from November 3, 2013 through the filing date of this lawsuit (November 3, 2020) will be preserved under this order.

**D.  Search**

The parties have agreed to exchange technical documentation.

In addition, the parties agreed that they will search reasonably relevant custodial ESI for relevant documents on a targeted basis (for example HTC will search for documents of relevant custodians related to "CEV," "Cutting Edge Vision," and "Konicek,") and to produce responsive, non-privileged documents. The parties' agreement regarding the production of privilege logs is addressed in the parties' Joint Status Report and Discovery Plan. (Doc. 30 at 3-4.) At this time, the parties have agreed to postpone more extensive ESI collection and searching protocol. The parties will meet and confer regarding whether additional searching is necessary after service of HTC's LPR 121 and LPR 122 Non-infringement and Invalidity Contentions and review of technical documents produced by HTC.

In the event that the parties agree more extensive ESI collection and searching is required, the Parties shall try to reach agreement on appropriate search terms before any query is performed.  In this event it is agreed,

1. If requested, a producing party shall disclose what search terms, if any, were used to locate ESI likely to contain discoverable information. If search terms were not used, a party shall disclose the search methodology used to locate ESI likely to contain discoverable information.

OGDEN MURPHY WALLACE, PLLC
901 5TH AVE, SUITE 3500
SEATTLE, WA 98164

2. If search terms were used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The parties shall confer in good faith on the 5 additional terms or queries. Focused terms and queries, rather than overbroad ones, shall be employed.

3. Absent a showing of good cause, search terms returning more than 250 megabytes of data are presumed to be overbroad. The producing party shall search non-custodial data sources and other ESI maintained by the identified Custodians. Defendants contend that email production should not be necessary in this case. Plaintiff disagrees, but has agreed to meet and confer regarding the appropriate scope of the parties' email productions. (Doc. 30 at 3.)

**E. Production Formats**

The parties agree generally to conform their productions with the standard production specifications attached as Exhibit A. The parties agree to produce documents in either native or 300 dpi single page searchable TIFF images, with appropriate accompanying Concordance load files. The Concordance load files will contain extracted or OCR text, the custodian of the document, the Bates number of the document, an indication of whether the document is redacted, and an indication of confidentiality designation. The creation date, author, last modified date, and filename with extension shall generally be included. If particular documents warrant a different format, such as for voluminous spreadsheets, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**F. Privilege**

1. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product protected document, whether inadvertent or otherwise, is not a waiver of privilege or

protection from discovery, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law, in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Information produced in discovery that is protected as privileged or work product shall be immediately destroyed or returned to the producing party.

2. Communications involving trial counsel need not be placed on a privilege log.

3. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

**G.  Modification**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

RESPECTFULLY SUBMITTED, this 1st day of March, 2021.

OGDEN MURPHY WALLACE, PLLC

By:_____

Daniel J. Vecchio, WSBA # 44632

901 Fifth Avenue, Suite 3500
Seattle, WA  98164
Tel: (206) 447-7000
dvecchio@omwlaw.com
*Attorneys for Plaintiff*

SPERLING & SLATER, PC

By: */s/Eamon Kelly*_____

Eamon Kelly, *Pro Hac Vice*

GORDON REES SCULLY MANSUKHANI, LLP.

By: */s/ Lara S. Garner*_____

Lara S. Garner, *Pro Hac Vice*
Ross Kirkbaumer WSBA # 56310
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
rkirkbaumer@grsm.com
*Attorney for Defendants*

OGDEN MURPHY WALLACE, PLLC
901 5TH AVE, SUITE 3500
SEATTLE, WA 98164

55 West Monroe Street, 32nd Floor

Chicago, IL 60603

Tel.: (312) 641-3200

Fax: (312) 641-6492

ekelly@sperling-law.com
*Attorneys for Plaintiff*


THE LAW OFFICES OF LISA & LESKO, LLC

By: */s/Justin J. Lesko*

Justin J. Lesko, *Pro Hac Vice*

Steven G. Lisa, *Pro Hac Vice*
55 East Monroe Street, Suite 3800

Chicago, IL 60603

Tel.: (480) 442-0297

JustinLesko@patentit.com
SteveLisa@patentit.com

*Attorneys for Plaintiff*

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: March 2, 2021.


MICHELLE L. PETERSON
United States Magistrate Judge

{DJV2377845.DOCX;1/08289.000001/ }
AGREEMENT REGARDING DISCOVERY OF ESI - 6